O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BARRY D. WILSON,** | NO. EDCV 11-00614-MAN |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| **MICHAEL J. ASTRUE,** Commissioner of Social Security, | AND ORDER |
| Defendant. | |

Plaintiff filed a Complaint on April 27, 2011, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's application for supplemental security income ("SSI"). On May 13, 2011, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. The parties filed a Joint Stipulation on February 16, 2012, in which: plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or, alternatively, remanding for further administrative proceedings; and the Commissioner requests that his decision be affirmed or, alternatively, remanded for further administrative proceedings.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On February 25, 2008, plaintiff filed an application for SSI, alleging an inability to work since January 1, 2000, due to his mental condition. (Administrative Record ("A.R.") 19, 121.) Plaintiff has past relevant work experience as a "commercial/industrial cleaner" and as a "sales clerk for illegal drugs." (A.R. 25.)

The Commissioner denied plaintiff's application initially and upon reconsideration. (A.R. 19, 51-55, 57-61.) On February 3, 2010, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge Joseph Schloss (the "ALJ"). (A.R. 19, 29-48.) Vocational expert Sandra Fioretti also testified. (*Id.*) On March 19, 2010, the ALJ denied plaintiff's claim (A.R. 19-25), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-6). That decision is now at issue in this action.

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that plaintiff has not engaged in substantial gainful activity since February 25, 2008, his application date. (A.R. 21.) The ALJ determined that plaintiff has the severe impairment of "mood disorder," but he does not have any impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926). (*Id.*)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitation: "[plaintiff] can perform simple repetitive tasks as well as moderately complex tasks."  (A.R. 22.)

The ALJ found that plaintiff's past relevant work, as a "commercial/industrial cleaner" and as a "sales clerk for illegal drugs," does not require the performance of work-related activities precluded by plaintiff's RFC.  (A.R. 25.)  Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, since February 25, 2008, the date his application was filed.  (*Id.*)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence.  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (citation omitted).  The "evidence must be more than a mere scintilla but not necessarily a preponderance."  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice."  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; see also Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch, 400 F.3d at 679.

## DISCUSSION

Plaintiff alleges the following issues: (1) whether the ALJ properly considered the presence of a severe physical impairment; (2) whether the ALJ properly considered the opinion of treating

psychiatrist Donna Barrozo, M.D.; and (3) whether the ALJ properly considered plaintiff's testimony. (Joint Stipulation ("Joint Stip.") at 3.)

### I. The ALJ Failed To Properly Consider The Opinion Of Treating Physician Lilybeth Sistoza, M.D., In Determining Whether Plaintiff Has A Severe Physical Impairment.

The opinions of treating physicians are entitled to the greatest weight, because the treating physician is hired to cure and has a better opportunity to observe the claimant. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). When a treating physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995)(as amended).

Here, the ALJ failed to give proper weight to the opinion of plaintiff's treating physician Dr. Lilybeth Sistoza. On December 23, 2009, Dr. Sistoza completed a physical RFC questionnaire, which indicates that: "[plaintiff]'s capabilities are limited to standing and/or walking 2 hours in an 8-hour workday and sitting 2 hours in an 8-hour workday," and plaintiff "can lift/carry 10 pounds or less occasionally and that he would miss at least 2 days of work per month due to his impairments." (A.R. 24; citing A.R. 320-23.) The ALJ stated that he gave "very little weight" to Dr. Sistoza's opinion, for several reasons. (A.R. 24.)

The first reason proffered by the ALJ as a basis for discrediting

Dr. Sistoza's opinion is the ALJ's asserted inability to find Dr. Sistoza's signature anywhere in plaintiff's treatment records. The ALJ misstates the record in asserting that: "Dr. Sistoza purports to be [plaintiff]'s treating physician at Fontana Family Medical Center although her signature does not appear in those treatment records." (A.R. 24.) A simple review of the record reveals that Dr. Sistoza's signature appears on many of plaintiff's treatment records, including Fontana Family Medical Center Progress Notes ("Progress Notes") dated December 11, 2008, February 24, 2009, and September 14, 2009. (A.R. 323, 262-64, 268-69, and 275.) Consequently, the ALJ's statement is factually incorrect and, thus, cannot support his finding that plaintiff lacks credibility. *See* Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999)(the ALJ's "inaccurate characterization of the evidence" to support his adverse credibility finding warranted reversal).

Further, if the ALJ questioned whether there was an objective basis for Dr. Sistoza's opinion, the ALJ should have conducted an "appropriate inquiry" by re-contacting Dr. Sistoza. Indeed, "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." Sims v. Apfel, 530 U.S. 103, 110-11 (2000); *see also,* Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)("[i]f the ALJ thought he needed to know the basis of [the doctors'] opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry"); Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1993)(the ALJ "has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered"); 20 C.F.R. § 416.912(e)(when a medical source's report "contains a conflict or ambiguity," the Social Security Administration "will seek additional evidence or

classification").

Second, the ALJ concluded that Dr. Sistoza's opinion, as set forth in the physical RFC questionnaire, is "not supported by the Fontana Family Medical Center treatment records[,] which indicated that [plaintiff], upon physical examination, was found to be normal on all areas addressed by Dr. Sistoza." (A.R. 24; internal citations omitted.) However, the ALJ's statement that plaintiff had only normal findings also is not supported by the record. In the Progress Notes dated September 14, 2009, Dr. Sistoza noted an abnormal finding related to plaintiff's eyes. (A.R. 275.) Further, while the ALJ is correct that the remaining categories in each of the Progress Notes were marked either normal or not examined, the September 14, 2009 Progress Notes noted plaintiff's history of hypertension and hyperlipidemia. (*Id.*) Moreover, Dr. Sistoza noted that plaintiff was obese, and she diagnosed him with hypertrophic cardiomyopathy. (*Id.*) In view of these findings, which were overlooked by the ALJ, the ALJ's rejection of Dr. Sistoza's opinion on the ground that the treatment records showed that plaintiff was "normal on all areas" was inaccurate and, thus, was not clear and convincing.

Neither reason cited by the ALJ for rejecting Dr. Siztoza's opinion was clear and convincing. Thus, the ALJ's treatment of Dr. Soztoza's opinion was error.

///
///
///
///

**II. The ALJ Failed To Set Forth The Requisite Specific And Legitimate Reasons For Rejecting The Opinion Of Plaintiff's Treating Psychiatrist.**

When the ALJ rejects the opinion of a treating physician that has been contradicted, the ALJ may reject that opinion only by providing specific and legitimate reasons for doing so, supported by substantial evidence in the record. Lester, 81 F.3d at 830. In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 416.927. Broad and vague reasons will not suffice for rejecting the treating physician's opinion. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).

On October 29, 2009, Dr. Donna Barrozo, M.D., plaintiff's treating psychiatrist, completed a mental RFC questionnaire, in which she opined that plaintiff has "marked" or "extreme" limitations in his mental RFC in the categories of understanding and memory, sustained concentration and persistence, social interaction, and adaptation. (A.R. 295-96.) Dr. Barrozo also opined that plaintiff would miss more than four days of work a month as a result of these limitations. (A.R. 296.) The ALJ also gave "very little weight to Dr. Barrozo's questionnaire responses," because "[t]he treatment notes from exactly the same time period completely contradict the responses on the mental [RFC] questionnaire." (A.R. 24.) Instead, the ALJ gave "great weight to the opinion of the State Agency reviewing mental health consultants." (*Id.*)

1    Contrary to the ALJ's finding, the information Dr. Barrozo provided
2 in the questionnaire is not necessarily inconsistent with her treatment
3 notes.  The ALJ relied on Dr. Barrozo's treatment notes dated April 20,
4 May 20, June 29, September 8, October 19, and November 16, 2009, which
5 indicate, with regard to auditory and visual hallucinations, that
6 plaintiff has few or "none" at this time and that plaintiff's depression
7 had improved.  (A.R. 311-19.)  The ALJ, however, fails to explain how
8 limitations in such categories "completely contradict" Dr. Barrozo's
9 April 20, to November 16, 2009 treatment notes.  (A.R. 24.)  An absence
10 of auditory or visual hallucinations on the date Dr. Barrozo examined
11 plaintiff and wrote these treatment notes would not preclude a finding
12 that plaintiff has a limitation in, for example, "the ability to
13 remember locations and work-like procedures." (A.R. 295.)  That someone
14 is not experiencing hallucinations does not, ipso facto, mean that he
15 also does not suffer from any mental health issues.  Similarly, an
16 improvement in plaintiff's depression does not establish that plaintiff
17 would not be limited in the ways indicated by Dr. Barrozo's treatment
18 notes.  If the ALJ questioned whether there was an objective basis for
19 Dr. Barrozo's opinion, the ALJ should have conducted an "appropriate
20 inquiry" by re-contacting Dr. Barrozo.  *See* Sims, 530 U.S. at 110-11;
21 *see also* Smolen, 80 F.3d at 1288; Brown, 713 F.2d at 443.
22
23    Significantly, the ALJ fails to acknowledge that, on the same page
24 of Dr. Barrozo's treatment notes as that on which the ALJ relies, Dr.
25 Barrozo also opined that plaintiff is "unable to work" -- an opinion
26 that is consistent with, rather than contrary to, her questionnaire
27 findings.  (A.R. 312.)  Further, the ALJ overlooks the finding in the
28 questionnaire that plaintiff's GAF score is 40, and Dr. Barrozo's

treatment notes indicate that plaintiff's GAF score is 40-50[1] -- again, findings that are consistent. (A.R. 292, 312.) Thus, the ALJ's conclusion that "the treatment notes from exactly the same time period completely contradict the responses on the mental [RFC] questionnaire" is factually incorrect and unpersuasive, and it does not constitute a specific and legitimate ground for rejecting Dr. Barrozo's opinion. (A.R. 24.)

Had Dr. Barrozo's opinion been considered properly, her opinion as that of a treating physician should have carried more weight than that of the State agency physician. *See* 20 C.F.R. § 416.927 (d)(2) (stating that generally greater weight is afforded to treating physicians, as they are likely the medical professionals most able to provide a detailed, longitudinal picture of the claimant's medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations). Further, as a treating physician specializing in psychiatry, Dr. Barrozo's opinion should have been given additional weight. *See* 20 C.F.R. § 416.927(d)(5); *see, e.g.*, Benecke v. Barnhart, 379 F.3d 587, 594 n.4 (9th Cir. 2004)(stating that opinion of specialist about medical issues

---

[1] The GAF scale "[c]onsider[s] psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." *Diagnostic and Statistical Manual of Mental Disorders*, DSM-IV-TR, 34 (rev. 4th ed. 2000). A rating of 31-40 reflects "[s]ome impairment in reality testing or communication (*e.g.*, speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking or mood (*e.g.*, depressed man avoids friends, neglects family, and is unable to work . . . )." *Id.* A rating of 41-50 reflects "[s]erious symptoms (*e.g.*, suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (*e.g.*, no friends, unable to keep a job)." *Id.*

related to that specialist's area of specialty is to be given greater weight).

### III. The ALJ Failed To Give Clear And Convincing Reasons For Finding Plaintiff's Testimony To Be Not Credible.

Once a disability claimant produces objective medical evidence of an underlying impairment that is reasonably likely to be the source of claimant's subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991); *see also* 20 C.F.R. § 416.929(a) (explaining how pain and other symptoms are evaluated). "[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins, 466 F.3d at 883. The factors to be considered in weighing a claimant's credibility include: (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and her conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. *See* Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. § 416.929(c).

The ALJ found that plaintiff's "medically determinable impairment could reasonably be expected to result in the assessed limitations"

(A.R. 24.) However, the ALJ cited no evidence of malingering by plaintiff. Accordingly, the ALJ's reason for rejecting plaintiff's credibility must be clear and convincing.

The ALJ failed to explicitly state precisely why he found plaintiff not credible. While the Commissioner now offers several reasons to justify the ALJ's adverse credibility determination -- including plaintiff's poor compliance with treatment, his criminal history, and his performance at the consultative examination with Dr. Suzanne Ashman -- the ALJ did not identify any such factors as supporting his credibility finding. The Court cannot entertain these post hoc rationalizations now proffered by the Commissioner. *See, e.g.,* Orn, 495 F.3d at 630 ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely"); Connett, 340 F.3d at 874 (finding that "[i]t was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The ALJ's failure to make specific findings regarding plaintiff's credibility, much less to proffer clear and convincing reasons to support his adverse credibility determination, constitutes reversible error.

**IV. Remand Is Required.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no

useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* at 1179-81.

Remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. *See, e.g.,* Benecke, 379 F.3d at 593 (remand for further proceedings is appropriate if enhancement of the record would be useful); *see* Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993)(ordering remand so that the ALJ could articulate specific and appropriate findings, if any existed, for rejecting the claimant's subjective pain testimony).

On remand, the ALJ should revisit his consideration of the various medical opinions. Additionally, to the extent necessary, the ALJ should develop the record further to resolve any conflicts or ambiguities with respect to the treatment records and RFC questionnaires. In addition, should the ALJ again find plaintiff to lack credibility, the ALJ must set forth clear and convincing reasons for any such adverse credibility determination.

///
///
///

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 26, 2012

*Margaret A. Nagle*

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE